IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARCHECKUP LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CARMD.COM CORPORATION and<br>INNOVA ELECTRONICS CORPORATION,<br><br>        Defendants. | 1:13-cv-1035-SEB-TAB |

### ORDER ON THE PARTIES' JOINT STIPULATION AND AGREED MOTION FOR JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 6,807,469 AND 6,925,368 PURSUANT TO FED.R.CIV.P. 54(B)

1. In this patent infringement action, Plaintiff asserted claims 1, 7, 17, 18, 19 and 21 of both U.S. Patent No. 6,807,469 ("the '469 patent") and U.S. Patent No. 6,925,368 ("the '368 patent") against Defendants. Plaintiff's complaint included allegations that Defendants' CarMD Handheld Device and Software Kit, CarMD Vehicle Health System, Innova 3030e CanOBD2 Car Reader, and Innova 3030f CanOBD2 Diagnostic Tool infringed the '469 and '368 patents.

2. Defendants deny infringement and have also asserted declaratory judgment counterclaims of invalidity and non-infringement, as well as various affirmative defenses.

3. Following briefing, this Court conducted a *Markman* hearing on July 8, 2014, during which time the Court considered the parties' claim construction briefing and heard oral argument.

4. On July 16, 2014, the Court issued its Order on Claim Construction construing the disputed terms and phrases of the '469 and '368 patents. (Dkt. No. 40). One of the disputed constructions was the construction of the phrase "lacks sufficient data processing capability to fully process the unprocessed diagnostic data into human-useable diagnostic information" ("the

Disputed Phrase"), which the Court construed to mean "lacks sufficient data processing capability to fully process (as previously defined) the unprocessed diagnostic data into a visual display of diagnostic data, or information derived therefrom." The Court further construed the terms "unprocessed diagnostic data" and "unprocessed data" to mean "data about problems or malfunctions in a vehicle, such as diagnostic trouble codes (DTCs) or error codes, remaining in the original form and format in which they were retrieved from the vehicle" and construed the phrase "processing the unprocessed diagnostic data into natural language diagnostic information" to mean "manipulating the unprocessed diagnostic data (as previously defined) into a non-technical, non-alphanumeric verbal report in a format that may be understood by both a typical consumer and a service technician."

5. The parties have informed the Court that, based on the Court's construction of the Disputed Phrase, neither Defendant infringes nor has infringed any of claims 1, 7, 17, 18, 19 and 21 of the '469 or '368 patents, either literally or under the doctrine of equivalents, because none of Defendants' accused products lacks sufficient data processing capability to fully process the unprocessed diagnostic data into a visual display of diagnostic data, or information derived therefrom.

6. Accordingly, judgment is hereby entered under Federal Rule of Civil Procedure 54(b) of non-infringement as to claims 1, 7, 17, 18, 19 and 21 of the '469 and '368 patent, as construed by this Court, as to all Defendants.

7. All defenses and counterclaims of the Defendants are hereby dismissed WITHOUT PREJUDICE, however, this dismissal of Defendants' counterclaims does not constitute a voluntary dismissal of the Defendants' counterclaims for purposes of Federal Rule of Civil Procedure 41(a)(1).

8. This Final Judgment is without prejudice to the parties' rights to assert any defenses in any future dispute, including without limitation res judicata, collateral estoppel, issue preclusion, and claim preclusion for any products (including the use thereof) that were, or could have been, accused of infringing any claim of the '469 or '368 patents.

9. This Final Judgment is without prejudice to the parties' rights to appeal any prior or future orders issued by this court that do not form the basis for the stipulated finding of non-infringement, as described above.

10. This Final Judgment is without prejudice to Defendants' rights in their counterclaims and defenses and Plaintiff's defenses to Defendants' counterclaims.

GOOD CAUSE APPEARING, final judgment shall be entered as follows:

Pursuant to Federal Rule of Civil Procedure 54(b), this Court determines and orders that there is no just reason for delay and directs the Clerk of this Court to enter final judgment of non-infringement as to claims 1, 7, 17, 18, 19 and 21 of the '469 and '368 patent, either literally or under the doctrine of equivalents and that, while it is understood that the Defendants have additional non-infringement arguments, invalidity arguments, equitable arguments, and other defenses and counterclaims, there is no need to reach these issues in view of the non-infringement judgment and all counterclaims by Defendants are hereby dismissed without prejudice, as set forth in this Order.

This Court shall retain and hereby does retain jurisdiction over this matter in its entirety, including any claims which may be reinstated.

IT IS SO ORDERED.

SIGNED this __9th__ day of September, 2014.

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution will be made electronically on all
ECF-registered counsel of record via the court's
ECF system.